**In re NATIONAL RECORD MART, INC., Debtor.**

**National Record Mart, Inc., Movant,**

**v.**

**Watercress Associates Joint Venture 315089, et al., Respondent.**

**Bankruptcy No. 01–26462–MBM.**
**Motion No. 01–7471M.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 23, 2002.

Campbell & Levine, LLC, Pittsburgh, PA, Klett, Liebur, Rooney & Schorling, P.C., Pittsburgh, PA, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, for Debtor.

Joseph M. Fornari, Jr., Liberty Center, Pittsburgh, PA, U.S. Trustee.

## MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **23rd day** of **January, 2002,** upon consideration of

(a) the instant motion by National Record Mart, Inc., the above-captioned debtor, for an order of this Court to, *inter alia,* reject certain unexpired leases of nonresidential real property pursuant to 11 U.S.C. § 365 effective as of December 31, 2001, which motion names as respondents numerous parties in addition to Watercress Associates Joint Venture 315089 (hereafter "Watercress"), the respondent who is identified by name in the caption above,

(b) the Court's Order regarding the instant motion, also dated January 23, 2002, which order grants all of the relief sought by the debtor in the instant motion excepting for the debtor's requested rejection as of December 31, 2001, of the debtor's unexpired lease of nonresidential real property with Watercress (hereafter "Watercress' Lease"),

(c) the Court's earlier Order Extending Time With Respect to Unexpired Leases of Non–Residential Real Property, which order is dated October 9, 2001, at Motion No. 01–4956 (hereafter "October 9, 2001 Order"), wherein the Court, *inter alia,* extended the time within which the debtor could assume or reject unexpired leases of nonresidential realty (i) "up to and through December 31, 2001," *see* Oct. 9, 2001 Order, at p. 2, ¶ 3, or (ii) up to a date subsequent to December 31, 2001, provided that the debtor sought a further extension past such date via a motion that had to be filed with the Court by

December 20, 2001, *see* Oct. 9, 2001 Order, at p. 2, ¶ 4, and

(d) the limited objection of Watercress to the instant motion, namely that Watercress' Lease be rejected but effective as of the date of the instant Memorandum and Order of Court (i.e., January 23, 2002) rather than effective as of December 31, 2001, the outcome of which objection by Watercress directly bears on whether the debtor remains obligated to pay Watercress rent for the entire month of January 2002 pursuant to the terms of Watercress' Lease or whether the debtor may instead merely pay Watercress administrative rent expense for the 2–day period of January 1–2, 2002, during which period, as the debtor concedes, the debtor continued to occupy the premises that are the subject of Watercress' Lease;

and subsequent to notice and a hearing on the matter held on January 17, 2002.

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

(a) Watercress' Lease was **REJECTED** by operation of law via 11 U.S.C. § 365(d)(4) on, and is, consistent therewith, also now rejected effective as of, **December 31, 2001,** and

(b) Watercress is **GRANTED** an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) for rent for the 2–day period of January 1–2, 2002, which claim is payable forthwith and in an amount which, if it cannot be agreed to by the parties, shall be determined by the Court at a subsequent date.[1] The rationale for the Court's decision follows.

**I.**

Watercress contends that (a) the effective date of a debtor's rejection of an unexpired lease is, as a matter of law, the date upon which a court enters an order approving such rejection, (b) the effective date of the rejection of Watercress' Lease consequently must be the date upon which the instant Memorandum and Order of Court is entered, or January 23, 2002, because said order approves rejection of, *inter alia,* Watercress' Lease, (c) a debtor must pay, as a matter of law, all rent that comes due under the terms of an unexpired lease in the post-petition period prior to rejection of such lease if the debtor fails to reject such lease prior to such rent coming due, and (d) it is entitled to rent according to the terms of Watercress' Lease for the entire month of January 2002 since such rent came due on January 1, 2002, and the debtor had not yet rejected such lease given that, as Watercress argues, such rejection could not occur until January 23, 2002. The Court agrees with Watercress' statements of the law as recounted in the preceding sentence. Unfortunately for Watercress, however, the Court, for the reasons set forth below, disagrees with Watercress' application of such law to the rejection of Watercress' Lease under the particular circumstances presented before the Court.

As an initial matter, the Court agrees that it is generally true that the effective date of a debtor's rejection of an unexpired lease is, as a matter of law, the date upon which a court enters an order approving such rejection. *See In re Appliance Store,* 148 B.R. 226, 232 (Bankr. W.D.Pa.1992). However, such is only the case if a Court's approval of the rejection of an unexpired lease occurs prior to a

---

1. The debtor represented before the Court on January 17, 2002, that it was willing to pay Watercress administrative rent for the 2–day period of January 1–2, 2002, which concession is now mandated by the instant Memorandum and Order of Court.

date upon which the same lease is deemed rejected pursuant to § 365(d)(4). The immediately preceding conclusion follows necessarily from the plain language of § 365(d)(4), which statutory provision provides that, if an unexpired lease is neither assumed nor rejected "within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, *then such lease is deemed rejected.*" 11 U.S.C.A. § 365(d)(4) (West 1993) (emphasis added). Because the clear implication of § 365(d)(4) is that a deemed rejection occurs under § 365(d)(4) without further action of a court, a court order, to the extent that it approves rejection of a lease subsequent to a deemed rejection of the same, is without effect and, therefore, unnecessary. *See In re Country Boy Waterbeds, Inc.*, 104 B.R. 822, 824 & n. 1 (Bankr.W.D.Ky.1989) (noting that court order approving rejection "was nothing more than a procedural formality" since, at the time of entry of said order, the lease "had already been effectively rejected by operation of law;" also noting that calling such order "a procedural formality" "sounds better than calling the entry [there]of ... a meaningless gesture or without significance"); *In re Compuadd Corp.*, 166 B.R. 862, 866 (Bankr.W.D.Tex. 1994) ("the fact that the Court subsequently entered an Order rejecting such leases upon the Debtor's Motion is irrelevant to the effect of § 365(d)(1). That Order was ineffective as the leases were rejected by operation of law prior to that Order being entered. It should not have been entered as the operation of § 365(d)(1) had mooted the Debtor's Motion to Reject."). Consequently, and of course, the effective date of a debtor's rejection of an unexpired lease is the date upon which the same is deemed rejected under § 365(d)(4) rather than the date of a court order approving such rejection if said deemed rejection precedes the entry of said court order. *See Compuadd Corp.*, 166 B.R. at 866 ("effectiveness [of rejection] occurs upon the earlier of the court order approving the rejection or the passage of sixty (60) days from the petition date by virtue of § 365(d)[ (1) or (4) ]"); *Country Boy Waterbeds*, 104 B.R. at 824 (same).

■ Unfortunately for Watercress, Watercress' Lease is deemed to have been rejected on December 31, 2001, because (a) the Court, via the October 9, 2001 Order, extended the time within which the debtor could assume or reject a lease (i) up to and including December 31, 2001, or (ii) up to a date subsequent to December 31, 2001, provided that the debtor sought a further extension past such date via a motion that had to be filed with the Court by December 20, 2001, and (b) the debtor failed to (i) either assume or reject Watercress' Lease in particular by the entry of an affirmative order of the Court dated no later than December 31, 2001, and (ii) file a motion by December 20, 2001, requesting an additional extension of time past December 31, 2001, to assume or reject Watercress' Lease in particular. Since Watercress' Lease is deemed to have been rejected on December 31, 2001, such date, consistent with the Court's statement of the pertinent law in the preceding paragraph, is also the effective date of the instant debtor's rejection of Watercress' Lease regardless of the Court's subsequent entry at the present time of the instant Memorandum and Order of Court approving of such rejection. In light of the conclusion in the immediately preceding sentence, the Court can only surmise that the debtor brings the instant motion, to the extent that the same seeks an order of this Court approving of the rejection of leases that are already deemed to have been rejected on December 31, 2001, out of an abundance of caution.

Because the debtor effectively rejected Watercress' Lease on December 31, 2001, it matters not with respect to the issue of rent due Watercress for the post-rejection period during which the debtor occupied the premises that are the subject of Watercress' Lease, that, as a matter of law, a debtor must pay all rent that comes due under the terms of an unexpired lease in the post-petition, pre-rejection period if the debtor fails to reject such lease prior to such rent coming due. Indeed, such statement of the law, although it is correct, at least in the Third Circuit, *see In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 & 212 (3rd Cir.2001); *accord In re Roberds, Inc.*, 270 B.R. 702, 704 (Bankr.S.D.Ohio 2001) (citing *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986, 989 (6th Cir.2000)),

> does not address the post-rejection occupation of a leased premises by a debtor because ... the statutory basis for ... [such statement of the law], § 365(d)(3), does not apply post-rejection. Once the lease is rejected, the contractual terms of the lease no longer obligate a debtor.
>
> · ·       ·       ·       :       ·
>
> ... [Instead,] § 503(b)(1)(A) governs the determination of post-petition rent owed to a lessor for the period after rejection of the lease until the property is vacated.

*Roberds*, 270 B.R. at 704–706. Accordingly, Watercress is entitled to, and thus is granted pursuant to § 503(b)(1)(A), an administrative rent claim for the 2–day period of January 1–2, 2002, during which period, as the debtor concedes, the debtor continued to occupy the premises that are the subject of Watercress' Lease. Such administrative rent claim shall be paid by the debtor to Watercress forthwith and in an amount which, if it cannot be agreed to by the parties, shall be determined by the Court at a subsequent date. However, Watercress is not entitled to collect from the debtor a full month's contractual rent for the month of January 2002 for the debtor's two days of occupancy of the premises that are the subject of Watercress' Lease.

## II.

**IN SUMMARY**, (a) Watercress' Lease was **REJECTED** by operation of law via 11 U.S.C. § 365(d)(4) on, and is, consistent therewith, also now rejected effective as of, **December 31, 2001,** and (b) Watercress is **GRANTED** an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) for rent for the 2–day period of January 1–2, 2002, which claim is payable forthwith and in an amount which, if it cannot be agreed to by the parties, shall be determined by the Court at a subsequent date.